(Decided 8th June, 1892.)

JOHN W. PENN *vs.* WILLIAM W. McCULLOUGH.

*Contract for the Sale of Land—Specific performance—Laches or Unreasonable delay.*

On the 15th of June, 1888, P. made the following contract with McC.. "I have this day agreed to and have sold to Mr. W. W. McC. eighty feet of land in width, running parallel with our division line from railroad to Bunker Hill road, containing about two acres; price for the above named piece or parcel of land, fifteen hundred dollars. I herewith acknowledge receipt

Penn *vs.* McCullough.

of check for two hundred dollars, as part of the purchase money. (signed) J. W. P." On a bill filed on the 6th of March, 1890, by McC. against P. for the specific performance of this contract, it appeared in evidence that the plaintiff had failed to pay for the land because of his inability to do so, and that on the 31st December, 1889, with his consent, the contract itself was rescinded. HELD:

That this evidence put an end to the plaintiff's case, and the defendant was under no obligation to accept an offer to pay the purchase money, made by the plaintiff's counsel in January of the next year, by which time the property had enhanced in value.

On a bill for the specific performance of a contract, the plaintiff is bound to make out his case by satisfactory proof, and must show that he has performed, or was ready to perform, his part of the contract, and has not been guilty of laches or unreasonable delay.

APPEAL from the Circuit Court for Prince George's County, in Equity.

The case is stated in the opinion of the Court.

The cause was argued before ALVEY, C. J., MILLER, ROBINSON, IRVING, BRYAN, McSHERRY, and BRISCOE, J.

*Marion Duckett,* and *Charles H. Stanley,* for the appellant.

*William Meyer Lewin,* and *Richard B. B. Chew,* for the appellee.

ROBINSON, J., delivered the opinion of the Court.

We cannot agree with the Court below that the plaintiff is entitled to a specific performance of the contract set out in the bill.

The contract is dated 15th June, 1888, and reads as follows:

Penn *vs.* McCullough.

"I have this day agreed to and have sold to Mr. W. W. McCullough eighty feet of land in width, running parallel with our division line from railroad to Bunker Hill road, containing about two acres; price for the above named piece or parcel of land, fifteen hundred dollars. I herewith acknowledge receipt of check for two hundred dollars, as part of the purchase money.

"J. W. Penn."

The bill for the specific performance of this contract was not filed till 6th of March, 1890, nearly two years after its execution. The plaintiff alleges, and in his testimony says, he has fully complied with every requirement of said contract, and has tendered to the defendant the full amount of the purchase money, but that he refuses to accept the same, and refuses to convey the land thus sold to the plaintiff.

The defendant, in his answer and in his testimony, denies that the plaintiff has complied or offered to comply with his part of said contract. On the contrary, although repeatedly requested by the defendant to pay the purchase money, he has met these requests first with one excuse and then another, until finally the defendant returned to him the cash payment of two hundred dollars, and the contract in question was, with the mutual consent of both parties, rescinded.

It can hardly be necessary to say, that the plaintiff was bound to make out his case by satisfactory proof. We say "satisfactory proof," because a Court of equity will not decree specific performance in a doubtful case. And, besides, the plaintiff must show that he has performed, or was ready to perform, his part of the contract, and has not been guilty of laches or unreasonable delay. In the language of Lord ALVANLEY, M. R., in *Milward vs. Earl Thanet*, 5 *Ves.*, 720, *note b:* "A party cannot call upon a Court of equity for a specific performance, unless he has shown himself ready, desirous,

prompt, and eager." Or, as was said by Lord CRAN-
WORTH, in *Eads vs. Williams*, 4 *De G., M. & G.*, 691:
"Specific performance is relief which this Court will not
give, unless in cases where the parties seeking it, come
promptly, and as soon as the nature of the case will
permit."

Now, while there is a direct conflict in the testimony
of the plaintiff and defendant in regard to every mate-
rial fact, the testimony of other witnesses, not parties
in interest, shows beyond question, not only that the
plaintiff failed to perform his part of the contract of
purchase, but further, that being unable to pay the
purchase money, the contract was, *with his consent, in the
latter part of* 1889 *rescinded.* It appears that in June,
1889, a year after its execution, on being requested by
the defendant to close the matter, he proposed to give
notes of one and two hundred dollars, payable monthly,
which the defendant refused to accept. It was then
agreed that they should meet on the premises the Wed-
nesday following, when the whole matter in regard to
the sale and purchase of the property was to be settled.
The defendant was there on the day thus appointed, and
remained there till dark, but the plaintiff failed to keep
his engagement. On the 15th of August following, the
defendant went to plaintiff's office, and again requested
that the matter should be closed, and named the 16th,
17th, 19th and 20th of August for that purpose, either
of which days would suit him, but the defendant would
not agree upon any day. So finding all efforts on his
part to bring the plaintiff to a settlement unavailing,
the defendant, on the 19th of August, wrote to him as
follows:

"On the 3rd May, 1888, we did agree as to bargain
and sale of said land, and our agreement was for an
immediate transfer of property, and removal of fence.
You distinctly informed me that every thing should be

fixed up within a week or two; about eighteen months having elapsed our agreement of May, 1888, is entirely void, and made so over a year ago by a non-compliance on your part. The $200 you gave me, or rather your note for that amount, still remains in the bank by whom the collection was made. You clearly forfeited your right to said money by not complying with the agreement; but I will take no legal advantage for that amount, or any other, you not having had value received; hence I will return to you the $200. Enclosed please find check for that amount."

The testimony of the defendant in regard to this interview of August 15th, is not only corroborated by the letter thus written by him a few days afterwards, but also by his son, W. W. Penn, who was present at the time, and heard all that passed between the parties.

On August 24th, nine days after this interview, the defendant again wrote to the plaintiff:

"Your letter per Henry of the 21st instant, returning check for $200 and informing me that you are ready and anxious, as you always have been, to comply with said agreement, received. In answer, you are informed that I am surprised at your statement, and I presume it startled you to see it on paper. It is manifestly absurd. I endeavored, for six weeks after the conclusion of sale, to have you comply or carry into effect what you had promised, but I was able only to have you continue the promise business. I will frankly say that you never fulfilled a single promise, or made the slightest excuse for a non-fulfilment. I called on you five distinct times to know when you would be ready to make the transfer and remove the fence,—twice at your office in Washington, and three times at the fence, on your return home. The only time that you have said a word to me about the matter was this summer, and then you wanted to know if I would accept notes of one or two hundred dollars,

one or two months apart, and made an engagement with me to meet you out here, and in that you failed to keep."

To this letter, in which the defendant charges the plaintiff with having failed to comply with the terms of the contract and the understanding between them when it was signed, the plaintiff made no reply. Now, if he was ready and anxious, as he now says, to perform his part of the contract, it is strange, to say the least, why he did not upon the receipt of this letter tender at once to the defendant the purchase money, and demand a conveyance of the property. So, if the case rested here, we should have no hesitation in saying that the plaintiff had failed to perform his part of the contract. But it is not necessary to rest our decision on this ground. The defendant testifies that on the 31st of December, 1889, he again went to plaintiff's office and asked him if he had received the $200 cheque, and to which he replied, "he had." "I then said, this matter is settled; you have your money and I am glad the whole matter is at an end." The plaintiff replied that "I had always been more anxious for him to take the land than he was to take it, and said he could have had the land if he had wanted it. I asked him why he did not take it, he said he had not the money to pay for it."

This conversation the plaintiff, it is true, denies in every particular; but the defendant's testimony is fully corroborated by the witness Dutton, who was present, and who says he heard the plaintiff say he did not want the land because he had not the money to pay for it. It thus appears that the plaintiff was not only unable to comply with the contract of purchase, but that with his consent the contract itself was rescinded. And if so, there is an end of the plaintiff's case.

The offer by the plaintiff's counsel, Mr. Lewin, to pay the purchase money, was not made till January of the

next year, after the contract had been abandoned, and when the defendant was under no obligation whatever to accept it. The land in controversy is situate near the City of Washington, and had in the meantime enhanced in value. Whether this had any influence with the plaintiff in thus offering himself as ready to comply with the contract two years nearly after its execution, is a matter which it is quite unnecessary to consider. Be that as it may, we are all of opinion that the plaintiff has failed to make out a case entitling him to specific performance.

*Decree reversed, and
bill dismissed.*

(Decided 8th June, 1892.)