SAMUEL HORWITZ

*vs.*

BARBARA KREUZER et al.

*Specific Performance—Privity—Contract for Sale of Land.*

A bill for the specific performance of a contract of sale, filed by the vendee, which alleges that an extension of time for performance was granted, should state the length of that extension.                                                                      p. 416

One seeking specific performance of a contract of sale must allege that he is both able and willing to perform his part of the contract.                                                                      p. 416

When the vendee named in a contract for the sale of land thereafter contracted to sell the land to another, who in turn resold, the original vendor, not having assented to either of such resales, was not in privity with the last vendee, and consequently the last vendee could not claim specific performance as against such original vendor.                                                                      p. 417

*Decided January 25th, 1922.*

Appeal from the Circuit Court of Baltimore City (HEUISLER, J.).

Bill by Samuel Horwitz against Barbara Kreuzer and others for specific performance. From a decree for defendants, plaintiff appeals. Affirmed.

The cause was argued before BOYD, C. J., BRISCOE, THOMAS, PATTISON, URNER, STOCKBRIDGE, ADKINS, and OFFUTT, JJ.

*Robert Biggs,* with whom was *Dave B. Kirsner* on the brief, for the appellant.

The purchaser under a contract for the sale of land acquires a right or interest in the property which he may sell or mortgage, and his vendee acquires all of the rights of the original purchaser and a privity of estate arises between the orginial vendor and the assignee of the original purchaser. 39 *cyc.* 1676 (b), 1677 (c) (B).

The purchaser and his vendee or assignee may join in a bill against the original vendor for the purpose of obtaining a title directly to the second vendee. *Crook* v. *Brown*, 11 Md. 158, 170.

Where specific performance would be decreed between the immediate parties to a contract, it will be decreed as between parties claiming under them in privity of estate or representation or title. 36 *Cyc.* 768; *Hollander* v. *Central Metal Co.*, 109 Md. 154; *Chambers* v. *Alabama Iron Co.*, 67 Ala. 358.

*John M. Requardt* and *Charles Lee Merriken,* with whom were *Roland M. Marchant* and *Edward F. Johnson* on the brief, for the appellees.

STOCKBRIDGE, J., delivered the opinion of the Court.

To the bill of complaint as first filed in this case the defendants demurred, and an amended bill was filed making an additional party. The case arises from a sequence of facts which, as alleged in the bill, were as follows:

On the 27th of October, 1919, Barbara Kreuzer entered into a written contract by which she agreed to sell to Wilson B. Stringer the property and premises known as No. 214 North Calvert Street in Baltimore City for a consideration of $12,000, and, of the amount of the purchase money, $500 was paid in cash and the balance was to be paid on or about November 27th, 1919. On November 20th, Stringer obtained from Barbara Kreuzer an extension of time within which to complete his purchase and, while this contract was in force, Stringer sold the property to one Myerberg for the sum of $11,000. Six days after the contract for this sale had been signed, Myerberg made a contract to sell the

property to Horwitz, the appellant, for the sum of $15,500. All of these contracts for these successive sales are alleged to have been in writing, and in none of them was the time of completion of the contract declared to be of the essence of the contract. During the time that matters stood in this condition, Mrs. Kreuzer sold the property to Charles J. Dobler for the specified consideration of $17,500, and which last mentioned contract has been in part performed and carried out by the execution, on the 17th of July, 1920, of a deed and certain mortgages. To this amended bill a demurrer was filed by the defendants, Wilson B. Stringer, Barbara Kreuzer, and Charles J. Dobler.

Of the various contracts of sale the only one appearing in the record is that between Nathan J. Myerberg and Samuel Horwitz, nor is the agreement for the extension of time included in the record, or even a statement of the length of time for which the extension was given.

The amended bill asks for a decree for the specific performance to Horwitz of the contract between Mrs. Kreuzer and Stringer. The demurrers alleged two grounds of demurrer, first, a lack of privity between Mrs. Kreuzer and Mr. Horwitz; and second, laches. A third might have been set forth, in the failure to include among the pleadings and in the record certain of the papers alleged to have been executed, a failure which, under numerous decisions of this court, is necessarily fatal to the maintenance of such a bill. It is also to be noticed that nowhere in the bill does Mr. Horwitz allege his ability to carry out the terms of the contract made by him with Myerberg. This too is an allegation always necessary to sustain such a bill. He does allege his readiness and willingness to carry it out, but stops there, and the ability of performance is just as important as is a willingness to do so. Mr. Miller, in his volume on *Equity,* secs. 656, 659, lays down the rule that the plaintiff must make it appear that he is *able* and willing to perform his part of the contract. The bill is also deficient in that there is no allegation as to the length of the extension of time for the performance of the

contract which, it is said, was given by Mrs. Kreuzer to Stringer, and in that respect the bill is deficient as well as in the matters already referred to.

Coming now to the chief ground of the demurrer, viz.: lack of privity. The privity of parties may arise or exist, according to Black (*Black's Dictionary,* page 941), in any one of six ways. The present case has only to do with the third, fourth and fifth grounds set out by Mr. Black: in estate, such as grantor and grantee, assignor and assignee; privity of contract, but this is limited to the person of the lessor and lessee because it is treated as a personal contract only; privity in respect of estate and contract, as where the lessee assigns his interest but the contract between the lessor and lessee continues, the lessor not having accepted the substitution of the assignee. If now we apply this statement to the facts as alleged, the assent of Mrs. Kreuzer to the atempted substitution of Horwitz as purchaser under the various successive contracts was never had, and even if she had, as alleged in the bill, knowledge of these attempted substitutions, and did not give her consent, there was no privity between Mrs. Kreuzer and Mr. Horwitz, which he was capable of enforcing in a court of equity.

With regard to the defense of laches, ordinarily, in real estate transactions, time is not treated as of the essence of a contract unless it is so expressly provided in the contract itself. *Penn* v. *McCullough,* 76 Md. 229. But it may become such where prejudice has been or may be caused to one of the parties. *Hopper* v. *Brodie,* 134 Md. 290. Mere lapse of time, in an equity court, where the specific performance of a contract is endeavored to be enforced, is not, when standing alone, a sufficient ground for the sustaining of a demurrer filed to the bill, but when there is a conjunction of lapse of time and prejudice to one or the other of the parties it is often so regarded.

Several of the contracts recited in the bill were made in or about the time when the world war was raging, and when

speculations in real estate was rife in the City of Baltimore, as is shown by the fluctuation in the prices placed on this property, ranging from $11,000 to $17,500, from which it is manifest that prejudice must inevitably result to Mrs. Kreuzer from the granting of a decree such as is prayed for in this case.

This Court entirely concurs with the action taken by the court below in sustaining the demurrer and dismissing the bill.

*Decree affirmed and bill dismissed, costs to be paid by the appellant.*